UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD SCOTT ROSE**

    **Plaintiff,**

  v.                                         Case No. 2:23-cv-195
                                              JUDGE EDMUND A. SARGUS, JR.
                                              Magistrate Judge Peter B. Silvain, Jr.

**DALLAS BALDWIN, Franklin
County Ohio Sheriff,** *et al.*

    **Defendants.**

## ORDER

This matter is before the Court on the Magistrate Judge's Second Show Cause Order. (Order, ECF No. 17.)

After receiving Defendant's Motion to Dismiss (ECF No. 10) in April of 2023, Plaintiff, a *pro se* litigant, moved to stay the case for four months and gave notice that his address had changed. (ECF No. 13.)  On October 4, 2023, the Magistrate Judge denied the Motion to Stay because Plaintiff's requested stay deadline had elapsed but extended Plaintiff's response deadline to October 31, 2023.  (ECF No. 14.)  Plaintiff failed to file a response in opposition to the motion to dismiss, and the Magistrate Judge issued a Show Cause Order advising Plaintiff that failure to respond could result in dismissal of his claims.  (ECF No. 15.)  The Show Cause Order was returned as undelivered.  (ECF No. 16.)  The Magistrate Judge then issued a Second Show Cause Order, informing Plaintiff that it was his duty to provide the Court with an updated address, and that failure to do so would result in dismissal of his claims for failure to prosecute.  (Order, ECF No. 17, at PageID # 110) (citing *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994).)  Plaintiff failed to respond.

Plaintiff's failure to prosecute his case and failure to comply with the Court's Order warrant dismissal under Federal Rule of Civil Procedure 41(b). District courts have the power to dismiss civil actions *sua sponte* for lack of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Plaintiff's *pro se* status does not change these circumstances. *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991). Indeed, the Supreme Court has held that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, Plaintiff's claims are **DISMISSED with prejudice** for lack of prosecution and for failure to comply with a Court Order. Defendants' Motion to Dismiss (ECF No. 10) is **DENIED** as moot. The Clerk is **DIRECTED** to terminate this case and enter judgment.

**IT IS SO ORDERED.**

**1/19/2024**　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**